ROSALIE LYONS *v.* JOSE V. MACIEL, EXECUTOR, AND C. D. LUFKIN AND T. B. LYONS, ADMINISTRATORS WITH THE WILL ANNEXED OF THE ESTATE OF AUGUSTINE ENOS, DECEASED.

ERROR TO CIRCUIT COURT, SECOND CIRCUIT.

ARGUED JANUARY 23, 1911. DECIDED FEBRUARY 7, 1911.

HARTWELL, C.J., PERRY AND DE BOLT, JJ.

LIMITATION OF ACTIONS—*minors--actions against former guardian.*

The general rule is that the right of action by a ward against a former guardian accrues upon the ward's attaining majority or upon her marriage and that the statute of limitations commences to run from that date.

RELEASE—*evidence.*

Payment and release may be inferred from facts shown by the evidence.

EVIDENCE—*assumpsit—burden of proof.*

In assumpsit for money had and received from sales of plain-

tiff's cattle the burden is upon the plaintiff to prove the essential facts by evidence sufficiently clear and satisfactory to enable the jury to intelligently make the necessary findings.

## OPINION OF THE COURT BY PERRY, J.

This is an action of assumpsit brought against the representatives of Augustine Enos, the deceased father of the plaintiff. The claim is for $2900, the total of rents alleged to have been collected by Enos for his daughter, and for $8700 for moneys alleged to have been received by Enos as the proceeds of cattle belonging to the plaintiff and sold by him from time to time during the twenty-five years next preceding April 23, 1901. The trial before a jury resulted in a verdict for the defendants. The plaintiff thereupon sued out this writ making nine assignments of error. The defendants moved to dismiss the writ on the ground that it was not issued within six months from the rendition of judgment, the verdict having been rendered on April 2, 1910, the formal judgment thereon entered August 27, 1910, and the writ issued December 15, 1910. It is unnecessary to pass upon this motion in view of the result reached concerning the assignments of error.

Assignments 1 and 4. Plaintiff requested the court to instruct the jury as follows: "If you find from the evidence that A. Enos, in his lifetime, collected rents from property belonging to the plaintiff, and received money from the sale of cattle belonging to the plaintiff, and was, at his death indebted to the plaintiff, and if you also find that A. Enos, in his lifetime deeded to the plaintiff certain lands, I instruct you that you can not charge the plaintiff with the value of such lands so deeded, nor credit his estate with the value of such lands, unless you find from the evidence introduced before you either oral or documental in this case that it was agreed and understood between the plaintiff, and said A. Enos in his lifetime that he, said A. Enos, should be credited with the value of such lands." The court modified the instruction by striking out the words, "col-

lected rents from property belonging to the plaintiff and," and then gave it as modified.

At defendants' request the following instruction was given: "I instruct you, gentlemen of the jury, that the items of rent in the account sued on and testified to on the trial hereof are barred by the statutes of limitations in that the uncontradicted evidence shows that the last collection of any rent on the Honolulu property of the plaintiff was made by the decedent, A. Enos, in the year 1896, and that the last collection of any rent on the Wailuku property of the plaintiff was made in December, 1898."

There was evidence sufficient to support a finding of the following facts: that the decedent, Enos, was the father of the plaintiff; that the plaintiff was born September 18, 1875, came of age September 18, 1893, and was married to her present husband January 18, 1894; that her father died March 6, 1906; that during her minority she owned a piece of land at Wailuku and another piece in Honolulu, and that for some years her father collected the rents from these two pieces of property. The evidence, however, is undisputed that the last collection of rent of the Wailuku land, made by decedent, was in 1898, and of the Honolulu property in 1896. There was no evidence of any collection of rents by the decedent after those years. The instructions, therefore, were correct as given. More than six years had elapsed between the date of the last collection and the decedent's death. The decedent was, indeed, the natural guardian of the plaintiff but that guardianship terminated with her majority in 1893 or, at latest, at her marriage in 1894. The trust created by the relation of guardian and ward terminated with the guardianship and her right of action against the guardian accrued at that time unless the relation of trust and confidence continued, in fact, after that event. Wood on Limitations of Actions, §204; 25 Cyc. 1263. There was no evidence tending to show that after the plaintiff's marriage decedent continued to occupy a fiduciary capacity towards her as

her confidential agent.   On the contrary, the only evidence on the point, that of the plaintiff herself, is that her husband "looked after her business" after her marriage, that the plaintiff sold her Wailuku land on January 22, 1898, gave an option on the Honolulu land in January, 1899, and sold it on May 23, 1900, and that through an attorney she caused demand to be made upon her father for payment of her claim against him relating to cattle, her evidence being that this claim was made in 1897 or 1898, although subsequently she modified this testimony by saying that perhaps it was in 1902.   The subject of rents was correctly withdrawn from the jury.   A verdict in plaintiff's favor upon that phase of the case would have been unsupported by evidence.

Assignment No. 2.   This relates to the court's refusal to give an instruction requested by the plaintiff.   It is sufficient to say upon this point, that that instruction was endorsed by the trial judge, "Refused as not demanded."   In other words, it was withdrawn.

Assignment No. 3.   The court gave an instruction requested by the defendants and reading as follows: "I instruct you that the deceased, A. Enos, was the natural guardian of the plaintiff, and by the law of this Territory was the guardian of the property of the plaintiff during her minority; that on reaching the age of twenty years, to-wit: on the 18th day of September, 1895, the plaintiff was entitled to an accounting from the deceased and was entitled without previous demand to sue the deceased for the possession of any moneys or property belonging to her in his hands; that the statutes of limitations commenced to run in respect to any claims she might have against the said A. Enos on the said 18th day of September, 1895, and by the 18th day of September, 1901, was a complete bar to any recovery by the plaintiff in respect to such claims, unless you find from the evidence that A. Enos continued to act in a fiduciary capacity as the plaintiff's confidential agent up to a time within six years of his death."   Passing by the inaccuracy, in plain-

tiff's favor, whereby the plaintiff was declared to have become of age in September, 1895, instead of September, 1893, and the fact, likewise favorable to the plaintiff, that it left to the jury the question of rents, the instruction correctly stated the law.

Assignment No. 5. The following instruction requested by the defendants was given: "I instruct you, gentlemen of the jury, that if you believe from the evidence that during the lifetime of A. Enos, deceased, a settlement was made between the said A. Enos and the plaintiff herein as to the items now sued upon, and that a release was given in respect thereof by the plaintiff to the said A. Enos, your verdict should be for the defendant. I further instruct you that if you should find there was such a release that such release need not be in writing, and may be inferred from the conduct and dealings between said A. Enos, deceased, and the plaintiff, if the evidence warrants such inference." The argument in support of this assignment is that there was no evidence justifying the finding of a release by plaintiff of her claims against the decedent. There was evidence from which the following facts could have been found by the jury: that on February 7, 1896, the decedent conveyed. to the plaintiff certain land, the deed reciting that it was made in consideration of one dollar, love and affection "and also for divers other good causes and considerations;" that later the plaintiff sold this land for the sum of $2750; that when the plaintiff was about six years old she was given a heifer calf which was pastured upon a cattle ranch conducted by her father and one Ferreira as partners; that in the course of time there was increase from that animal (there was considerable conflict in the evidence as to the number of such increase) ; that the cattle so acquired by the plaintiff were from time to time branded with her father's individual brand (not the partnership brand) and marked with an ear-mark of her own; that about 1893, 1894 or 1895, plaintiff's cattle ceased to be marked with her ear-mark and that thereafter none were so marked, although

presumably the animals remained on the same ranch, but all were given the decedent's ear-mark; that the plaintiff and her father "had not been on speaking terms for years" and that the reconciliation took place in December, 1895; that through purchases made at a merchandise store, owned wholly or in part by her father, the plaintiff had incurred a debt of about $700, and that in July, 1901, this obligation was wiped out by the decedent purely as a gift to his daughter; that in other ways, both after the reconciliation and during the plaintiff's minority, the decedent was a generous father making his daughter presents of money from time to time; that at no time did the plaintiff bring any suit against her father during his lifetime, and that Enos was financially able to have paid her at any time if she had had any just claims upon him. Upon this evidence we think that the jury would have been justified in finding that the plaintiff released her father from all the claims which she might otherwise have had against him, either with reference to the rents or with reference to the cattle at one time owned by her.

Assignment No. 6. At defendants' request the court instructed the jury: "I instruct you, gentlemen of the jury, that if the only evidence that has been offered on the trial of this case as to sales by the decedent, A. Enos, of cattle belonging to the plaintiff is as follows, viz: That on October 18, 1884, four steers were sold for the sum of $29.00; that on June 15, 1889, 1 steer was sold for the sum of $20.00; that on August 31, 1889, 1 cow was sold for the sum of $17.00, and that on January 31, 1892, 2 cows were sold for the sum of $40.60, and as none of these items are involved in demand made by plaintiff on the estate I further instruct you that you cannot award to the plaintiff in respect of the claim set forth in the second cause of action in the amended complaint filed herein any sum." The objection to this instruction is based largely on the supposition that the word "if" in the first line was not in the instruction as given. The record, however, shows beyond doubt that it was there. In

that form the instruction was unobjectionable. The specific sales of cattle mentioned all took place, if at all, before 1893 and recovery upon them was barred by the general statute of limitations. Moreover, the claim presented by the plaintiff against the representatives of the deceased, and now relied upon in this action, relates solely to the "proceeds of sale of 580 head of cattle  *  *  *  on or about the 23rd day of April, 1901," and does not include these four sales. Another claim, presented January 19, 1907, was, indeed, sufficient to include these items, but no action was brought upon it within two months of its rejection. It was apparently abandoned and reliance thereafter had upon the claim first mentioned, which was presented March 7, 1907.

Assignment No. 7. At defendants' request the following instruction was given: "I instruct you, gentlemen of the jury, that before you can find a verdict for the plaintiff in respect to the claim for the sum of $8700.00, set forth as the second cause of action in plaintiff's amended complaint, you must be satisfied from the evidence that A. Enos, deceased, did on or about the 23rd day of April, 1901, sell certain cattle belonging to the plaintiff, and that if you are so satisfied you must also be able to determine from the evidence the number of cattle belonging to the plaintiff so sold and the price for which they were sold." There was no error in this instruction. The burden was upon the plaintiff to prove the fact of a sale of cattle on or about April 23, 1901, and also to show by satisfactory evidence the number of cattle so sold and the amount of the proceeds. If the evidence adduced was so vague and unsatisfactory that no finding concerning these facts could be intelligently based upon it the only result possible would be a verdict for the defendants.

Assignments 8 and 9. These are to the effect that the verdict and the judgment are contrary to the law and the evidence. As already pointed out the evidence was sufficient to justify the verdict.

The judgment is affirmed.

G. A. Davis (*Atkinson & Quarles* on the brief) for plaintiff.
W. L. Stanley (*Holmes, Stanley & Olson* and *D. H. Case* on the brief) for defendants.